FILED
SUPERIOR COURT
OF GUAM

2019 MAY 24 PM 1:31

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0162-19 |
| vs. | **DECISION AND ORDER** |
| MATTHEW JOHN WIA aka Otis Wia aka James Gugu aka Mathew Suse aka John Mack, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on April 29, 2019, for hearing on Defendant MATTHEW JOHN WIA aka Otis Wia aka James Gugu aka Mathew Suse aka John Mack's ("Defendant") Ex Parte Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Leonardo M. Rapadas was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on April 29, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On March 28, 2019, Defendant was indicted with two counts of Aggravated Assault (As a Third Degree Felony), both with attached Special Allegation: Use of a Deadly Weapon in the Commission of a Felony, as well as one count of Family Violence (As a Misdemeanor).

(Indictment, Mar. 28, 2019). These charges stem from allegations that Defendant became angry when his sister asked him for car keys and threw a beer at her which hit her face, and pushed her on her neck area. (Decl. of Leonardo M. Rapadas, Magistrate's Compl., Mar. 18, 2019). Defendant was stopped by their father, but then went to the car and took out a baseball bat and approached his sister. *Id.* Their sister-in-law tried to stop him, and he struck her instead on the head with the bat. *Id.* Defendant also grabbed his sister-in-law's throat with his hand. *Id.* Officers who responded to the scene observed a large bump on the sister-in-law's forehead and a small laceration on the bump. *Id.*

On March 28, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Mar. 18, 2019. The Government did not file a written response to the motion, but orally opposed the motion on April 29, 2019.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Mar. 28, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)    length of his/her residence on Guam;
    (ii)   his/her employment status and history, and financial condition;
    (iii)  his/her family ties and relationships;
    (iv)  his/her reputation, character and mental and physical condition;

(v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi) his/her history relating to drug or alcohol abuse;

(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized

interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-eight (28) year lifelong resident of Guam and a U.S. citizen, that he is employed at Jamaican Grill, and that he has many social and familial connections to Guam. (Mot. Bail Redetermination at 4, Mar. 28, 2019). Defendant acknowledges that he has a record of criminal convictions, but sets forth that he has had no new charges since 2016 and he has been working hard to pay off restitution for one of his criminal cases. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to comply with Court orders. Defendant is charged with two counts of Aggravated Assault (As a Third Degree Felony) against two alleged victims, both of which include an attached Special Allegation: Use of a Deadly Weapon in the Commission of a Felony. Defendant is accused of becoming angry after drinking, throwing a beer at his sister's face, and pushing her, and although he was initially stopped by their father, continuing on to get a baseball bat and subsequently hitting his sister-in-law in the head with it. Further, the Court's review of Defendant's criminal history indicates numerous aliases along with Bench Warrants issued throughout his probationary periods in each of his various cases due to his to failure to check in with probation as required.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for June 10, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to April 29, 2019, this \_\_\_\_\_ **MAY 2 4 2019** \_\_\_\_\_.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

AG, PDSC

Date S/24 Time 1:45p

Deputy Clerk, Superior Court of Guam

*People v. Wia*
Case No. CF0162-19
Decision and Order